**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTWON LESHAUN DISMUKE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 5803 |
| | ) |
| **STEVE STEMMET**, etc., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Antwon Leshaun Dismuke ("Dismuke") has utilized the printed form of Complaint provided by the Clerk's Office for use by prisoners who seek to invoke 42 U.S.C. § 1983 ("Section 1983"), in this instance by asserting claims of constitutional violations purportedly committed by an Aurora Police Department Sergeant, a police officer with that same police force, two evidence technicians associated with the same police department, a forensic scientist employed by the Illinois State Police and the City of Aurora's Police Department (the last-named defendant being a nonsuable non-entity, of course). Dismuke has coupled that filing with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). Although it will be seen that both the Complaint and this action fail at the outset, this opinion turns first (as the law requires) to the Application and the determination mandated by 28 U.S.C. § 1915 ("Section 1915").

In that respect Dismuke has properly provided a printout of all transactions in his trust fund account at the Kane County Jail ("County Jail") for the six-month period immediately preceding the filing of his Complaint, as mandated by Section 1915(a)(2). This Court has

calculated the average monthly deposits to the account during that six-month period (Section 1915(b)(1)(A)) as amounting to $173.54, 20% of which (id.) is $35.70. Accordingly Dismuke is assessed that initial partial filing fee of $35.70, and the County Jail's trust fund officer is ordered to collect that amount from Dismuke's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Dismuke may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Dismuke's name and the 14 C 5803 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

To turn to the substance of Dismuke's Complaint,[1] the lengthy narrative in Dismuke's Statement of Claim (Complaint ¶ IV) describes a series of events that began on November 18, 2009 and ran through October 2010, when Dismuke was arrested in consequence of the allegedly unconstitutional search and seizure that had occurred earlier. Those occurrences during that

---

[1] Because of the nature of Dismuke's stated grievances, the precondition to prisoners' lawsuits set out in 42 U.S.C. § 1997e(a) is inapplicable.

entire timeframe would ordinarily be outlawed by limitations because of the two-year limitation period applicable to Illinois-based Section 1983 actions, and the fact that the effects of those assertedly unconstitutional acts may have continued to impact Dismuke during some portion of the two-year period before his belated July 2014 filing does not revive such a time outlawed action. That essentially kills, on limitations grounds, any potential Fourth-Amendment-derived claims of an unconstitutional search and seizure (both in terms of arrest and in terms of property deprivation), for those claims accrue at the time of the events themselves (see, e.g., Newsome v. McCabe, 256 F.3d 747, 749 (7th Cir. 2001)).

That said, however, one other facet of the case calls for further discussion -- not Dismuke's own lengthy presentation in Complaint IV, but the August 9, 2012 Findings and Order by a state court judge sitting in the Kane County Felony Division, who concluded his analysis by granting Dismuke's motion to dismiss additional charges (gun-related charges) that had been brought after the speedy trial statute had already run on the cannabis charge that had originally targeted Dismuke.[2] But a careful analysis of the possible difference that the August 2012 dismissal might make by analogy to Heck v. Humphrey, 512 U.S. 477 (1994) shows that Dismuke's action is not saved by that event either.

It will be remembered that Heck teaches that a constitutionally invalid conviction does not ripen into an actionable Section 1983 violation until the conviction is reversed and judicially declared invalid. And by the same token, it would seem logical that a constitutionally invalid criminal prosecution -- invalid because it impinges on a defendant's Sixth Amendment "right to a

---

[2] Because August 9, 2012 was less than two years before Dismuke filed the current lawsuit, he might have an arguable Section 1983 claim if the institution of the gun-related charges had qualified under that statute.

- 3 -

speedy and public trial" -- does not ripen for Section 1983 purposes until there is a judicial dismissal of the criminal charge on speedy-trial-guaranty grounds. And in those terms the fact that the state court's dismissal of the additional gun-related criminal charges took place within two years of Dismuke's filing of this action would appear to preserve any Section 1983 claim that he had based on the institution of those charges.

In terms of the defendants sued by Dismuke here, that claim would have to come under the rubric of the federal equivalent of a malicious prosecution claim, on the basis that the conduct of the named defendants could be said to have been a proximate cause of the prosecutor's invalid institution of the additional charges. But Dismuke unquestionably strikes out in those terms, for as our Court of Appeals has reiterated as recently as the beginning of this month in Llovet v. City of Chicago, No. 13-3351, 2014 WL 3767179, at *1 (7th Cir. Aug. 1, 2014):

> The district court dismissed the plaintiff's suit on the authority of our decision in *Newsome v.McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001), which holds (as do subsequent cases of ours such as *Avila v. Pappas*, 591 F.3d 552, 553-54 (7th Cir. 2010), and *Gauger v. Hendle*, 349 F.3d 354, 359 (7th Cir. 2003)) that a federal suit for malicious prosecution by state officers is permissible only if the state in which the plaintiff had been prosecuted does not provide an adequate remedy, which (the plaintiff does not deny) Illinois does. See *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

That in turn leaves only the possibility that someone whom Dismuke has <u>not</u> sued, the state prosecutor, could be targeted for the claimed violation of Dismuke's right to a speedy trial (that is, the federal constitutional right, rather than merely the state law entitlement addressed by the state court judge). But even if that were to be assumed arguendo, Dismuke's effort to call Section 1983 into play in this action would face the insurmountable hurdle that because the institution of such new criminal charges is the prototypical function of a criminal prosecutor, that

prosecutor has absolute prosecutorial immunity for such actions under the teaching of Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) and its vast progeny.  Hence this hypothetical further excursion into the subject has no impact on the already-stated analysis.

Accordingly this Court, having conducted the 28 U.S.C. § 1915A(a) screening of the Complaint, finds that it calls for dismissal under subsection (b)(1) of that statute.  Both the Complaint and this action are dismissed sua sponte with prejudice, but that does not relieve Dismuke of the obligation to pay the $350 filing fee in future installments as set out earlier.  As for the Motion, although it is defective for Dismuke's having failed to comply with our Court of Appeals' requirement that any pro se prisoner plaintiff must identify his specific efforts to have obtained counsel on his own, it is simply denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 20, 2014