IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTWON LESHAUN DISMUKE, )
)
        Plaintiff, )
)
    v. )   Case No. 14 C 5803
)
STEVE STEMMET, etc., et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This memorandum opinion and order is issued to respond to the pro se filing earlier this month by Antwon Dismuke ("Dismuke")[1] captioned "Motion for Relief from Judgment or Order and To Amend and File Supplemental Complaint." Although Dismuke seeks to proceed under the auspices of Fed. R. Civ. P. ("Rules") 60 and 15, neither of those Rules provides him with relief.

As for Rule 15, it is simply inapplicable to an already-dismissed case, as this putative 42 U.S.C. § 1983 ("Section 1983") action was by this Court's August 20, 2014 memorandum opinion and order ("Opinion"). Accordingly this opinion can turn to consideration of Rule 60.

In that respect Rule 60 affords relief only under the limited terms set out in the Rule 60(b) subparts (for which purpose the caselaw does not treat the general language of Rule

---

[1] Although that filing was received in the Clerk's Office on February 5 and although Dismuke has certified that he had sent both the original and two copies to that office, the Clerk's Office inexplicably failed to transmit one of those copies to this Court's chambers as a required Judge's Copy. This Court therefore learned of the filing only as a result of its periodic ordering of a printout identifying all filings in cases assigned to this Court's calendar. Such clerical and administrative errors are inexplicable, and this Court has taken the subject up with the Clerk's Office personnel.

60(b)(6) as an all-purpose catchall). But rather than parse those specific subparts to demonstrate their inapplicability to the current case, this opinion will address Dismuke's present arguments on their merits (or, more precisely, on their lack of merit).

To begin with, Dismuke does not take issue with the first part of the Opinion's substantive rulings set out at its page 3:

> That essentially kills, on limitations grounds, any potential Fourth-Amendment-derived claims of an unconstitutional search and seizure (both in terms of arrest and in terms of property deprivation), for those claims accrue at the time of the events themselves (see, e.g., Newsome v. McCabe, 256 F.3d 747, 749 (7th Cir. 2001)).

Instead he urges that the Illinois Appellate Court's June 19, 2013 affirmance of the state trial court's dismissal of criminal charges against him came within two years of his institution of his federal Section 1983 action, therefore -- as he would have it -- rendering that action timely filed. Accordingly this opinion turns to that issue.

In that regard Dismuke mistakenly believes that this Court's August 2014 dismissal was predicated on grounds of untimeliness -- it was not. Instead it was based on the fact that in this circuit Dismuke's attempted assertion of a federal (that is, a Section 1983) equivalent of a malicious prosecution claim is precluded by a host of cases emanating from our Court of Appeals, exemplified by the decision in Llovet v. City of Chicago, 761 F.3d 759, 760 (7th Cir. 2014) issued just three weeks before the Opinion and cited and quoted there.

So the only aspect of Dismuke's current filing that calls for brief comment is another mistake on his part, that reflected by his citation of Kalina v. Fletcher, 522 U.S. 118 (1997). Contrary to Dismuke's contention, Kalina actually reconfirmed what Opinion at 5 referred to "the teaching of Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) and its vast progeny." What

Kalina held instead was that an entirely different type of prosecutor's conduct -- that in which he or she acts as an investigative officer rather than as an advocate -- is not entitled to the absolute immunity that continues to protect his or her role in the latter capacity. And of course the State's Attorney's institution of the gun-related charges against Dismuke about which he complains is a prototypical example of prosecutor-as-advocate (not prosecutor-as-investigator) action, and that action is indeed protected by absolute immunity.

Hence Dismuke's current effort to add State's Attorney Kelly Orland "as a defendant for malicious prosecution" is totally ill-conceived. Dismuke's current motion (Dkt. 7) is denied with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 23, 2015