**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTWON LESHAUN DISMUKE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 5803 |
| ) | USCA No. 15-1754 |
| **STEVE STEMMET**, etc., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

In connection with his appeal from this Court's dismissal of the pro se Complaint he had filed in this District Court, prisoner litigant Antwon Dismuke ("Dismuke") has sought leave to proceed on the appeal in forma pauperis, filing an affidavit and some supporting materials for that purpose. Because Dismuke's filing was mistakenly tendered to the Court of Appeals, it has transmitted the matter to this Court to make the calculation called for by 28 U.S.C. § 1915 ("Section 1915").

Although Section 1915(a)(2) calls for a litigant in Dismuke's situation to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal,"[1] Dismuke's submission covered only the 4-month period ended April 30, 2015 (the date of "filing" of his appeal under the "mailbox rule" established by <u>Houston v. Lack</u>, 487 U.S. 266 (1988)) -- the entire time frame during which he has been in custody at Robinson Correctional Center ("Robinson"), where he still remains. This Court accordingly requested and obtained a printout reflecting transactions in Dismuke's trust fund account at Stateville Correctional Center,

---

[1] In this instance, of course, it is the latter alternative that applies.

where he had been in custody before being transferred to Robinson. That additional information reflected that Dismuke's total custodial period had been 5 months rather than 6 months and that the average monthly deposits during that 5-month period (see Section 1915(b)(1)(A)) came to $148.77, 20% of which (id.) amounted to $29.75.

Accordingly Dismuke is assessed that initial partial filing fee of $29.75, and the Robinson trust fund officer is ordered to collect that amount from Dismuke's trust fund account there and to pay it directly to the Clerk of the District Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at Robinson (or at any other correctional facility where Dismuke may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $505 in filing and appellate docketing fees is paid. Both the initial payment and all future payments shall clearly identify Dismuke's name and the case numbers assigned to this action both in the District Court (14 C 5803) and in the Court of Appeals (15-1754). To implement these requirements, the Clerk shall send a copy of this order to the Robinson trust fund officer.

_____
Milton I. Shadur
Date: May 27, 2015            Senior United States District Judge